**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARABJIT SINGH, | No. 11-72622 |
| Petitioner, | Agency No. A096-165-814 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 26, 2013[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

Sarabjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of discretion the BIA's denial of the motion to reopen, *see Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because Singh filed the motion more than 90 days after the BIA issued its final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present the material evidence of changed circumstances in India that was required to qualify for the regulatory exception to the time limit for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi v. Holder,* 597 F.3d 983, 987-90 (9th Cir. 2010) (holding that petitioner did not qualify for exception to time limit because she failed to submit new evidence that was qualitatively different from evidence presented at original hearing and had individualized relevancy); *Toufighi,* 538 F.3d at 994-97 (holding that previous adverse credibility determination rendered immaterial any evidence of changed circumstances in Iran).

**PETITION FOR REVIEW DENIED**.